**UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| Chad Vittitow, | Court No. 3:23-cv-00136-PDW-ARS |
| Plaintiff, | |
| vs | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS** |
| Microsoft Corporation, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Chad Vittitow ("Plaintiff") and Defendant Microsoft Corporation ("Microsoft") entered into an Employment Agreement in which they agreed that the exclusive venue for any action arising out of Plaintiff's employment with Microsoft would be state or federal court in King County, Washington. Despite this explicit agreement, Plaintiff nevertheless elected to commence this employment-based action against Microsoft in the United States District Court for the District of North Dakota. Plaintiff's lawsuit ignores Plaintiff's explicit agreement with Microsoft regarding the exclusive venue for any such disputes as well as the absence of Microsoft contacts with the venue and resulting lack of personal jurisdiction. Both are fatal flaws justifying dismissal of Plaintiff's claims.

The United States Supreme Court, Eighth Circuit Court of Appeals and United States District Court for the District of North Dakota routinely enforce venue agreements, and there is no reason not to enforce the parties' agreement regarding venue here. Plaintiff could pursue his claims regarding his employment with Microsoft in King County, thus

4895-8097-1389

effectuating the parties' agreement regarding the appropriate venue for such claims. The Court should dismiss Plaintiff's suit, allowing him to refile his claims in the appropriate venue.

In addition, Microsoft lacks sufficient contacts with North Dakota to establish personal jurisdiction. Plaintiff acknowledges in the Amended Complaint that he worked from home during all times relevant to this litigation at his own request. Amended Complaint, ¶¶ 16, 18, 27 (ECF #4). Microsoft's contacts with North Dakota certainly do not establish general jurisdiction, and the only specific contacts with the forum arise out of Plaintiff's interactions with Microsoft while working from home. Courts have specifically held that contacts arising out of work from home are insufficient to establish personal jurisdiction. This Court should dismiss Plaintiff's claims for lack of personal jurisdiction.

The matter should be dismissed, providing Plaintiff leave to bring his claims in the forum where he agreed to address issues arising out of his employment with Microsoft and where he would have personal jurisdiction over Microsoft: King County, Washington.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began working for Microsoft in a sales capacity in November 2015, first as a Sales Development Specialist, then as an account executive. Amended Complaint, ¶ 10 (ECF #4). On January 10, 2020, Plaintiff asked that he be allowed to work from home, and Microsoft granted that request. *Id.*, ¶ 16. Plaintiff alleges that he resided (and still resides) in North Dakota, *Id.*, ¶ 2. Plaintiff's work from home status was extended by Microsoft in January 2022 and again on June 3, 2022. *Id.,* ¶¶ 18, 27. Plaintiff continued to work from home until his employment was terminated in December 2022. *Id.*

Microsoft terminated Plaintiff's employment on December 1, 2022. *Id.,* ¶ 30. Plaintiff alleges that Microsoft failed to provide reasonable accommodation for his Post-Traumatic Stress Disorder ("PTSD") and discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA") and analogous North Dakota state law. *Id.,* ¶¶ 34-37.

At the outset of his employment with Microsoft, Plaintiff and Microsoft entered into an Employment Agreement. The Employment Agreement governed all aspects of Plaintiff's employment with Microsoft and the circumstances under which that employment could be terminated. For example, the Employment Agreement contained the following provision:

> **Employment Terminable at Will, With or Without Cause**. I acknowledge and agree that my employment with MICROSOFT is not for any specific or minimum term, that its continuation is subject to MICROSOFT's and my mutual consent, and that it is terminable at will, meaning that either MICROSOFT or I will be free to terminate my employment at any time, for any reason or no reason, with or without cause, and with or without notice, pre-termination warning or discipline, or other pre- or post-termination procedures of any kind. I acknowledge and agree that any prior representations to the contrary are void and superseded b this Agreement. I am not entitled to rely and I shall not rely on any future representations to the contrary, whether written or verbal, express or implied by any statement, conduct, policy, handbook, guidelines or practice of MICROSOFT or its employees or agents. Any such future contrary representations will not modify this Agreement or my at-will status. Notwithstanding the foregoing and paragraph 17 below, my at-will status may be modified only by a formal written "Employment Contract" signed by my or my representative and by an officer of MICROSOFT and containing expressly stating MICROSOFT's agreement to modify the terms of this Agreement and my at-will status.

Declaration of Yana Rosenbloom ("Rosenbloom Dec.") Exhibit ("Ex.") A, ¶ 2. The Employment Agreement also included a number of other paragraphs addressing specific

aspects of Plaintiff's employment with Microsoft, including Plaintiff's obligation to devote his best efforts to his work for Microsoft, *Id.*, ¶ 1, non-disclosure obligations, *Id.*, ¶ 4, expenses and reimbursement issues, *Id.*, ¶ 13, personal property, *Id.*, ¶ 14.

Plaintiff's Employment Agreement also contained the following choice of law and forum selection clause:

> I agree that this Agreement shall be governed for all purposes by the laws of the State of Washington as such laws apply to contracts performed within Washington by its residents and that **exclusive venue and exclusive personal jurisdiction for any action arising out of this Agreement shall lie in state or federal court located in King County, Washington**. If any provision of this Agreement is deemed to be excessively broad, that provision shall be narrowed to the extent necessary to make it enforceable and then enforced to the maximum extent permissible by law. If any provision of this Agreement is determined to be void and cannot be saved by a narrowing construction, that provision shall be severed from this Agreement and the other provisions shall remain in full force and effect. This Agreement sets forth the entire agreement of MICROSOFT and myself as to the subjects discussed herein, and it may not be modified except by a subsequent written agreement signed by me or my representative and by an officer of MICROSOFT. Paragraph headings appear as an aid to the reader and shall not be construed to limit any provision of this Agreement. The terms and conditions of this Agreement shall survive termination of my employment. I understand that this Agreement is important, and I have had adequate time to read it before signing.

Rosenbloom Dec., Ex. A, ¶ 17 (emphasis supplied).

Plaintiff electronically signed this Agreement on November 13, 2015. Rosenbloom Dec., ¶ 2, Ex. A, p. 4. Plaintiff started his employment at Microsoft 17 days later, on November 30, 2015. Rosenbloom Dec., ¶ 2; Amended Complaint, ¶ 10 (ECF #4).

Plaintiff worked for Microsoft for over seven years. Amended Complaint, ¶¶ 10, 30 (ECF #4). Eventually, Microsoft terminated Plaintiff's employment on December 1, 2022. *Id.*, ¶ 30. Plaintiff now alleges that he was terminated due to an alleged disability in

violation of the Americans with Disabilities Act ("ADA") and North Dakota Human Rights Act ("NDHRA") and in retaliation for exercising rights under the ADA and NDHRA. *Id.*, ¶¶ 38-45. Plaintiff further argues that he was a strong performer who devoted his best efforts to Microsoft during his employment at Microsoft. *Id.*, ¶¶ 12-13. Plaintiff contends that he was terminated despite his strong performance. *Id.*, ¶¶ 30-32.

Plaintiff's suit therefore encompasses his employment with Microsoft and the circumstances surrounding the termination of his employment. This is precisely the subject of Plaintiff's Employment Agreement with Microsoft. *See generally* Rosenbloom Dec, Ex. A. However, despite his explicit agreement regarding venue and forum contained in the Employment Agreement, Plaintiff nevertheless filed suit against Microsoft in the United States District Court for the District of North Dakota on July 25, 2023. Complaint (ECF #1). Plaintiff filed an Amended Complaint on August 9, 2023. Amended Complaint (ECF #4). The factual predicates of Plaintiff's Complaint and Amended Complaint are for all intents and purposes identical. *Compare* Complaint (ECF #1) with Amended Complaint (ECF #4).

### III. ARGUMENT

#### A. Plaintiff's Claims Should Be Dismissed Under the Forum Selection Clause.

##### 1. Standards for enforcement of a forum selection clause.

The enforceability of a contractual forum selection clause is a procedural matter governed by Federal law. *Fru—Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 538 (8th Cir. 2009) (plurality opinion) ("[E]nforcement, or not, of the contractual forum

5

selection clause [is] a federal court procedural matter governed by federal law."). Contractual forum selection clauses are analyzed under the doctrine of *forum non conveniens*. *Staal v. Scherping Enters*, No. 1:18-cv-127, 2018 U.S. Dist. LEXIS 240188, at *10 (D.N.D. Dec. 12, 2018). *See also Terra Int'l. Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 693 (8th Cir. 1997) (enforcing forum selection clause).

The Eighth Circuit Court of Appeals has held that "[f]orum selection clauses are *prima facie* valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc*., 183 F.3d 750, 752 (8th Cir. 1999) (citing *M/S Bremen v. Zapata Off—Shore Co*., 407 U.S. 1, 15 (1972)). "A forum selection clause is enforceable unless it 'would actually deprive the opposing party of his fair day in court.'" *Staal*, 2018 U.S. Dist. LEXIS 240188, at *10 (*quoting M.B. Rests.*, 183 F.3d at 752). If the clause is enforceable, the Court may decline jurisdiction and dismiss an action based on a contractual forum selection clause under this doctrine "even when jurisdiction exists and venue is proper." *Staal*, 2018 U.S. Dist. LEXIS at *10; *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). [1]

"The doctrine of *forum non conveniens* gives courts the power, in exceptional cases, to decline jurisdiction even when jurisdiction exists and venue is proper." *Staal*, 2018 U.S. Dist. LEXIS 240188, at *10. *See also Atl. Marine Constr. Co. v. United States Dist. Court,* 571 U.S. 49, 60, 134 S. Ct. 568 (2013) ("the appropriate way to enforce a forum-selection

---

[1] The United States District Court for the District of North Dakota has also held, in the alternative, that if there is another possible appropriate federal venue, the court may transfer the case to another federal court under 28 U.S.C. § 1404(a). *Staal*, 2018 U.S. Dist. LEXIS at *10.

clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*"). The doctrine of forum non presupposes that an adequate alternative forum is available. *Reid-Walen v. Hansen*, 933 F.2d 1390, 1393 n. 2 (8th Cir. 1991). "If such a forum exists, the court must balance the 'public interest' and 'private interest' factors set forth in [*Gulf Oil*] in making the forum determination." *Staal*, 2018 U.S. Dist. LEXIS 240188, at *10. *See also De Melo v. Lederle Labs.*, 801 F.2d 1058, 1060 (8th Cir. 1986) (analyzing *forum non conveniens* motion under *Gulf Oil* balancing test). This Court has described the "public interest" and "private interest" factors as follows:

> The "private interest" factors include: the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The "public interest" factors include: administrative difficulties flowing from court congestion; the forum's interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Staal*, 2018 U.S. Dist. LEXIS 240188, at *11-12 (citations omitted).

When the parties have entered into a forum selection agreement, however, one of these factors disappears. In that context, "the plaintiff's choice of forum merits no weight" and the text collapses to the "public interest" factor. *Atl. Marine*, 571 U.S. at 64. Further, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id. See also N. County Mktg. v. Masdako Agri*

7

*Mktg. 2010*, 2018 U.S. Dist. LEXIS 78826, *11 (D.N.D. May 10, 2018) (granting motion to dismiss based on forum selection clause). Put another way, "[i]t is 'incumbent on the party seeking to escape his contract to show that [proceeding] in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *W. Fin. & Lease v. Mkt. Foods*, No. 02:05cv41, 2006 U.S. Dist. LEXIS 117245, at *9 (D.N.D. Oct. 4, 2006), *quoting St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001) (forum selection clause enforced against parties that "simply have not met their burden to establish that enforcement of the forum selection clause would be unjust.")

## 2. Plaintiff's claims against Microsoft relate to his Employment Agreement with Microsoft and therefore are encompassed within the forum selection clause.

As an initial matter, Plaintiff's lawsuit falls squarely within the ambit of the forum selection clause. Plaintiff's claims all arise out of his employment with Microsoft and all are based on that employment. Plaintiff specifically alleges that he was an employee of Microsoft. *See* Amended Complaint, ¶ 2 (ECF #4). Indeed, Plaintiff goes further, specifically noting that "[a]t all times relevant to this action Chad Vittitow has been an employee under the Americans with Disabilities Act ("ADA") and the North Dakota Human Rights At ("NDHRA")." *Id.* Plaintiff must include such an allegation because he can only maintain claims under the ADA and NDHRA if he was employed by Microsoft. *See Birchem v. Knights of Columbus*, 116 F.3d 310, 312-14 (8th Cir. 1997) (Only employees may bring claims for disability discharge or failure to accommodate under the ADA and

8

NDHRA). Plaintiff's ADA and NDHRA claims are therefore dependent upon his status as an employee of Microsoft. Further, Plaintiff's acceptance of the Employment Agreement was a condition precedent to Plaintiff's employment, without which Plaintiff could not conceivably raise a claim for purported employment discrimination under the NDHRA. Accordingly, this dispute "aris[es] out of" the Agreement, and Plaintiff is contractually precluded from bringing this action in North Dakota.

In addition, the Employment Agreement addresses the terms of Plaintiff's employment with Microsoft and termination of that employment. Rosenbloom Dec., Ex. A, ¶ 2. The Employment Agreement therefore encompasses the circumstances under which Microsoft can terminate Plaintiff's employment. *Id.* As a result, Plaintiff's claims in this lawsuit fall within the ambit of the forum selection clause, which applies to any and all claims that arise out of the Employment Agreement. *Id.*, ¶ 16. As a result, the forum selection clause applies and Plaintiff's claims should be dismissed without prejudice so he can refile those claims in the appropriate forum.

Plaintiff may argue that his claims do not fall within the forum selection clause because he has filed suit under the ADA and the NDHRA, not the Employment Agreement. However, the Eighth Circuit Court of Appeals and this Court have held that non-contract claims that implicate a contract containing a forum selection clause are swept within that forum selection clause. In *Central Terra Int'l. Inc. v. Miss. Chem. Corp.*, the Eighth Circuit Court of Appeals addressed a case in which a party argued that negligence (tort) claims fell outside of the forum selection clause because that clause addressed contractual claims. 119 F.3d 688, 693 (8th Cir. 1997). The Court held that the forum selection clause encompassed

the tort claims, because those tort claims implicated the contract and could have given rise to a claim under the contract. *Id.*, ¶ 695. This Court addressed a similar scenario in *New Prods. Mktg. Corp. v. Lowe's Cos.*, when the plaintiff argued that "its claims are entirely independent of the MSBA and beyond the scope of the forum selection clause" and thus that clause did not apply. 2006 U.S. Dist. LEXIS 99810, *7 (D. N.D. Sept. 21, 2006). The Court rejected the argument that forum selection clauses apply only to contract claims, and held instead that forum selection clauses can encompass non-contract claims if those claims implicate the contract at issue.

In this case, Plaintiff's claims arise out of his employment with Microsoft. Microsoft and Plaintiff entered into an Employment Agreement memorializing the terms of his employment with Microsoft. Plaintiff agreed to specific provisions in that Agreement regarding the nature of his employment and his termination. He now asserts claims regarding Microsoft's treatment during his employment and in connection with his termination. These claims directly implicate the Employment Agreement and thus are swept within the forum selection clause contained within that Employment Agreement. Plaintiff's Amended Complaint should be dismissed without prejudice and he should be permitted to re-file his claims in the appropriate forum.

> **3.  Plaintiff cannot carry his burden of proving that he would be deprived of his day in court if the forum selection clause was enforced.**

Assuming that the forum selection clause does apply, that forum selection clause should be enforced unless Plaintiff can show that to show that proceeding "in the

contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *W. Fin. & Lease* 2006 U.S. Dist. LEXIS 117245, at *9 (quotation omitted). Plaintiff cannot come close to showing that he would be deprived of his day in court if he were to litigate this matter in King County, Washington.

As an initial matter, Plaintiff could assert the same claims in King County, Washington as in North Dakota. Indeed, Plaintiff could re-file the Amended Complaint (with slight modifications) in Washington state or federal court. Washington federal courts would apply the same standards and rules to evaluate Plaintiff's claims and Microsoft's defenses as this Court. Plaintiff would have the same rights and responsibilities in that proceeding as he would here.

Plaintiff might argue that proceeding in North Dakota would be more convenient, because he is located in this forum, as is his supervisor and some witnesses. However, most witnesses (in particular, those who could testify regarding Microsoft policies and procedures, and higher level Microsoft business and human resources personnel) are located elsewhere, including at Microsoft headquarters in Washington. And the standard is not what is the most convenient forum for Plaintiff, but rather, whether he could receive a fair trial. Because Plaintiff agreed that King County, Washington is the appropriate forum for the matter, he should be required to litigate in that forum unless doing so would deprive him of his day in Court.

Convenience is simply not a valid basis upon which to oppose an enforceable forum selection clause. *St. Paul Fire & Marine Ins. Co.*, 270 F.3d at 624; *W. Fin. & Lease* 2006 U.S. Dist. LEXIS 117245, at *9. And there is no question that Plaintiff could travel to

11

Washington (or appear via video as necessary and appropriate) to litigate this matter and to receive his day in court to pursue his claims against Microsoft. Indeed, in this day and age of remote trial, remote mediation and remote deposition, there should be no reason this case cannot proceed expeditiously in Seattle.

Notably, this Court has held that a plaintiff is unable to carry their burden if there is an adequate alternative forum and "if the defendant is amenable to process in the alternative jurisdiction." *Staal* at *13. In this case there is an alternate forum and Microsoft is amenable to process in that jurisdiction.

Plaintiff may argue that the forum selection clause should not be enforced in this case because it is against public policy to do so. The only exception to the rule that forum selection clauses must be enforced is a circumstance where transfer to an alternative forum would contravene a strong public policy of the State of North Dakota. *Jacam Chem. Co. 2013, LLC v. Shepard*, No. 1:19-cv-093, 2023 U.S. Dist. LEXIS 491, at *7 (D.N.D. Jan. 3, 2023) (declining to enforce a forum selection clause when the agreed-upon forum would enforce a non-compete agreement, which is disfavored under North Dakota law). But the only public policy at issue in this litigation is North Dakota's policy against disability discrimination. N.D.C.C. Sections 14.02.4-01 and 14-02.4-03. The Washington Law Against Discrimination incorporates essentially the same requirements, *See* Rev. Code Wash. Section 49.60.030. Plaintiff presumably would allege his North Dakota Human Rights Act claim when he filed suit in King County; but even if forced to proceed under Washington state law, Plaintiff would be able to advance effectively the same claims. As a result, the underlying public policy of North Dakota will be advanced regardless of the

forum in which Plaintiff were to proceed, and there is no public policy argument against enforcing the venue selection clause contained in Plaintiff's Employment Agreement.

Here, either state or federal court in Washington is a suitable alternative forum. Microsoft is certainly amenable to suit in King County, Washington, as it is headquartered there. And the limited exception does not apply: Plaintiff cannot establish any public policy of the State of North Dakota with respect to the subject matter of this lawsuit that would not be violated by the application of Washington law to Plaintiff's claims.

### B. Plaintiff's Claims Should Be Dismissed For Lack of Personal Jurisdiction.

#### 1. Standard for assertion of personal jurisdiction.

Federal courts apply the law of the forum state to determine whether they may exercise personal jurisdiction over a party. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "If the defendant challenges the court's [exercise of personal] jurisdiction, the plaintiff bears the burden of proving jurisdiction exists." *Franciere v. City of Mandan*, 2020 ND 143, ¶ 7, 945 N.W.2d 251, 254 (*quoting Solid Comfort, Inc. v. Hatchett Hosp. Inc.*, 2013 ND 152, ¶ 9, 836 N.W.2d 415). The North Dakota long-arm statute authorizes personal jurisdiction over a nonresident defendant only to the extent permitted by federal due-process requirements. N.D.R.Civ.P. 4(b)(2); *Hansen v. Scott,* 2002 ND 101, ¶16, 645 N.W.2d 223, 230.

For an exercise of personal jurisdiction to comply with due process, the defendant must have purposefully established "minimum contacts" in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). A court may exercise either specific

13

personal jurisdiction ("specific jurisdiction") or general personal jurisdiction ("general jurisdiction"). *Domtar, Inc.*, 533 N.W.2d at 30. Under the Due Process Clause, a court may exercise general jurisdiction "to hear 'any and all claims against' a defendant if its 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Creative Calling Sols., Inc. v. LF Beauty, Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (*quoting Daimler AG*, 571 U.S. at 127). Alternatively, a court may exercise specific jurisdiction when the defendant has sufficient minimum contacts with the forum state and the cause of action arises from those contacts. *Id.*, ¶ 979-90.

Plaintiff cannot carry his burden of establishing either general or specific jurisdiction over Microsoft here.

### 2. Plaintiff cannot establish general jurisdiction.

Plaintiff cannot establish general jurisdiction over Microsoft. General jurisdiction is known as "all purpose" jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). It exists only when the defendant is essentially "at home" in the forum state. *Id.* The "paradigm" forums in which a corporate defendant is "at home" for these purposes are the corporation's place of incorporation and its principal place of business. *BNSF Ry. Co. v. Tyrrell,* 137 S.Ct. 1549, 1159 (2017). In *BNSF*, the Supreme Court explained that it is only in an "exceptional case that a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State." *Id.*

Plaintiff does not even attempt to allege facts sufficient to establish general jurisdiction in this matter. Amended Complaint, ¶¶ 2-7 (ECF #4). Plaintiff's jurisdiction allegations relate entirely to his own employment with Microsoft and do not concern

14

Microsoft's general contacts with North Dakota. He does not come close to demonstrating the "exceptional case" that Microsoft's "operations in [North Dakota are] so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co.,* 137 S.Ct. at 1159. Plaintiff therefore has no choice but to attempt to establish specific jurisdiction over Microsoft.

### 3. Plaintiff cannot establish specific jurisdiction.

Plaintiff also cannot carry his burden of establishing specific jurisdiction over Microsoft. Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Sup. Ct.*, 137 S.Ct. 1773, 1780 (2017). It requires "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Id.*, ¶ 1781. The focus is on the relationship among the defendant, the forum, and the specific claims alleged. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). The defendant's "suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 283.

In this case, Plaintiff seeks to establish specific jurisdiction over Microsoft by alleging that "the employment practices and conduct alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of North Dakota." Amended Complaint, ¶ 7 (ECF #4). Plaintiff specifically contends that he "resides in Fargo, North Dakota", *Id.*, ¶ 2, and that "at all relevant times [he] was employed" at Microsoft's office in North Dakota, *Id.*, ¶ 3. However, after these general allegations, Plaintiff specifically acknowledges and alleges that asked that he began

working from home in early 2022, *Id.,* ¶ 16 and that his work from home status was extended by Microsoft in January 2022 and again on June 3, 2022 until the end of his employment with Microsoft in December 2022. *Id.*, ¶¶ 18, 27. The statute of limitations under the ADA and the NDHRA are both 300 days. *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(e)(1)) (ADA statute of limitations is 300 days); N.D.C.C. § 14-02.4-19 (NDHRA statute of limitations is 300 days). As a result, during all times relevant to this dispute Plaintiff was working from home. Plaintiff accordingly seeks to establish personal jurisdiction against Microsoft on the grounds that Microsoft allegedly discriminated against him while he was working from his home in Fargo, North Dakota.

As an initial matter, Plaintiff does not allege any conduct directed by Microsoft at North Dakota, other than his conclusory statement that alleged unlawful employment practices were committed in North Dakota. Amended Complaint, ¶ 7 (ECF #4). But that is merely another way of saying that Plaintiff was working in North Dakota and so was damaged in North Dakota; that is not enough. *See Calder v. Jones*, 465 U.S. 783, 789-91 (1984); *Johnson v. Arden*, 614 F.3d 785 (8th Cir. 2010).

More specifically, courts have held that an employee working from home cannot establish personal jurisdiction based on the employer's alleged unlawful actions against that employee. *See Tripp v. Ascentage Pharma Group Int'l*, 2023 U.S. Dist. LEXIS 147949, *14 (D. N.J. Aug. 23, 2023) ("Although Tripp worked remotely from his home in New Jersey, paid New Jersey taxes, collected New Jersey unemployment and disability benefits, received office equipment from Ascentage, and stored business-related documents in his home, those actions were not particular to New Jersey and could have

16

4895-8097-1389

occurred in any state where Tripp chose to work"); *Gonzalez v. US Human Rights Network*, 512 F. Supp. 3d 944, 956-57 (D. Ariz. 2021) (remote work insufficient to establish personal jurisdiction); *Perry v. Nat'l Ass'n of Home Builders of United States*, , 2020 U.S. Dist. LEXIS 177304, at *5 (D. Md. Sept. 28, 2020) (remote work did not constitute purposeful availment of the forum); *Bertolini-Mier v. Upper Valley Neurology, P.C.*, 2017 U.S. Dist. LEXIS 148029, at *5 (D. Vt. Sept. 13, 2017) (employer's knowledge and facilitation of remote work was "not a purposeful effort" to have the work conducted in the forum); *Listuf v. Molina Info. Sys., LLC*, 2014 U.S. Dis. LEXIS 109460, *10 (D. Minn. Aug. 8, 2014) ("Moreover, the record shows that Plaintiff was permitted, but not required, to work from home in Minnesota on occasion. Plaintiff's decision to work from home in Minnesota does not confer jurisdiction"); *Cafesjian v. Armenian Assembly of Am., Inc.*, 2007 U.S. Dist. LEXIS 103304, 2008 WL 906194, at *10 (D. Minn. Mar. 31, 2008); *Lucachick v. NDS Americas, Inc.*, 169 F. Supp. 2d 1103, 1107 (D. Minn. 2001) ("An agent's decision to work from home in the forum state generally does not bind an entity to personal jurisdiction in that state where the purpose of the arrangement is merely for the agent's personal convenience.").

In this case Plaintiff worked from home in North Dakota, but he could have worked from home anywhere. Indeed, Plaintiff notes in his complaint that for part of the statutory time period "Microsoft went to a full work from home status for all employees." Amended Complaint, ⁋ 18 (ECF #4). Indeed the entire gravamen of Plaintiff's claims in this matter is to argue that there is no necessary connection between Plaintiff's residence and his work for Microsoft; as a result, Microsoft's actions toward Plaintiff are not directed toward North

Dakota and are not a basis for specific jurisdiction. Plaintiff therefore cannot carry his burden of establishing specific jurisdiction over Microsoft in this matter.

## IV.  CONCLUSION

The parties agreed that any action arising out of Plaintiff's employment with Microsoft should be adjudicated in King County, Washington. Courts refuse to enforce forum-selection agreements between the parties in only limited circumstances, none of which are present here. Further, Plaintiff cannot carry his burden of establishing personal jurisdiction over Microsoft in North Dakota.

For both of these reasons, Plaintiff's claims should be dismissed, allowing him to refile his claims in King County, Washington, or, in the alternative, this case should be transferred to the District Court for the Eastern District of Washington.

**NILAN JOHNSON LEWIS PA**

Dated: October 6, 2023

By: */s/ Joseph G. Schmitt*
Joseph G. Schmitt (MN Reg. No. 231447)
Courtney E. Ward-Reichard (ND Reg. No. 05837)
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Phone: 612-305-7500
Fax: (612) 305-7501
Email: *jschmitt@nilanjohnson.com*
*cward@nilanjohnson.com*

*Attorneys for Defendant*
*Microsoft Corporation*

4895-8097-1389